139 F.3d 905
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
KWP FINANCIAL I, Successor-by-Assignment to
Plaintiffs-Appellees William S. Lund and Bank of
Newport, Plaintiff-c ross-defendant-Appellee,
v.
Donald H. ALBRECHT, Defendant-counter-claimant-Appellant,
v.
Timothy R. OLSON, Cross-defendant-Appellee.
 No. 96-55143.
D.C. No. CV-94-06467-RSWL.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the Central District of California Ronald S.W. Lew, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donald H. Albrecht appeals pro se the district court's summary judgment in favor of KWP Financial I ("judgment-creditor"), in an action alleging that Albrecht breached a contract regarding the enforcement of an underlying judgment against Albrecht for withholding partnership funds. We have jurisdiction pursuant to 28 U .S.C. § 1291. We review a grant of summary judgment de novo, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and we affirm.
 
 
 3
 Albrecht contends that the district court erred by concluding that the contract for forbearance fees and attorneys' fees did not violate California usury law. This contention lacks merit.
 
 
 4
 The agreement between the judgment-creditor and Albrecht involved forbearance and attorneys' fees that Albrecht agreed to pay so that the judgment-creditor would postpone the execution sale of Albrecht's property to satisfy the judgment. The district court correctly concluded that California usury law was inapplicable here because Albrecht and the judgment-creditor entered into a separate and valid contract regarding enforcement of the judgment. Cf. Ghirardo v. Antonioli, 8 Cal.4th 791, 35 Cal.Rptr.2d 418, 883 P.2d 960, 968, 971 (Cal.1994) (in bank) (holding that agreement to extend time to repay note to avoid foreclosure was not subject to usury law).[1]
 
 
 5
 Albrecht contends that the district court erred by requiring Albrecht to pay attorneys' fees because the attorneys' fees billing records were not timely provided and the amounts were unreasonable. We disagree.
 
 
 6
 The contract provided that Albrecht "[would] be given the statements and billing details in respect of the attorney fees and cost provisions in sufficient detail to allow [him] to make a determination of reasonable attorneys fees and costs in respect of the enforcement of judgment." It is undisputed that the judgment-creditor provided the records on May 22, 1992. Because the judgment-creditor fulfilled the condition precedent of providing the attorneys' fees bills, Albrecht was not excused from performing his obligations under the contract. See Gonsalves v. Hodgson, 38 Cal.2d 91, 237 P.2d 656, 661 (Cal.1951) (in bank). Moreover, Albrecht's conclusory allegations that the fees are unreasonable does not raise a triable issue of fact. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 
 7
 Accordingly, the district court properly granted summary judgment in favor of the judgment-creditor. See Bagdadi, 84 F.3d at 1197.
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 There is no merit to Albrecht's argument that his contract with the judgment-creditor lacked adequate consideration. See MWS Wire Indus. v. California Fine Wire Co., 797 F.2d 799, 802 (9th Cir.1986) (stating that under California law, forbearance to make use of some legal remedy is sufficient consideration for a contract)
 
 
 [2]
 Albrecht also raises for the first time on appeal that the judgment-creditor induced him through fraud and misrepresentation to enter into the contract. We deem these issues waived. See Arizona v. Components Inc., 66 F.3d 213, 217 (9th Cir.1995)